**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UPTOWN LOFTS AT ALTAMONTE LTD.,

    Plaintiff,

v.                                                  Case No. 6:14-cv-891-Orl-37TBS

MONIQUE COURTER,

    Defendant.

## ORDER

This cause is before the Court for jurisdictional review. On June 9, 2014, Pro Se Defendant Monique Courter removed this eviction action from the County Court of Seminole County, Florida, on the grounds that this Court has federal question jurisdiction over Plaintiff's claim because Defendant is a member of a "protected class" under the Civil Rights Act. (Doc. 1, p.3.) The factual allegations of the Notice and Complaint do not support federal question jurisdiction.

A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1446 if a basis exists for this federal court to exercise subject matter jurisdiction. The defendant must prove the jurisdictional requirements for removal by a preponderance of the evidence, *see Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002), and all uncertainties concerning removal jurisdiction are resolved in favor of remand. *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). When a case is removed, this Court has an obligation to examine its own jurisdiction *sua sponte. See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded.").

If the face of the complaint does not state a federal question, the defendant may not remove the case to federal court simply because "a possible defense might involve a federal question." *See Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003); *see also Bank of N.Y. v. Angley*, No. 13-11208, 2014 WL 1259617, at *1 (11th Cir. Mar. 28, 2014)( "There can be no federal question jurisdiction or removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim."). Here, the Complaint filed by Uptown Lofts at Altamonte Ltd. includes no allegations even suggesting the existence of a federal question. (*See* Doc. 1.) Defendant's contention that she is a member of a protected class is, at best, related to a possible counterclaim or defense. Because the face of the Complaint does not support federal question jurisdiction, remand is required under 28 U.S.C. § 1447(c). *See Mortg. Elec. Registration Sys., Inc. v. Malugen*, No. 6:11-cv-2033, 2012 WL 1382265, at *8 (M.D. Fla. Apr. 3, 2012) (remanding foreclosure action to state court).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Clerk is **DIRECTED** to remand this case to the County Court for Seminole County, Florida, to terminate all pending motions, and to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 11, 2014.

ROY B. DALTON JR.
United States District Judge

2

Copies:

Counsel of Record

Pro Se Defendant

The Clerk of Court for the County Court of Seminole County, Florida